STATE OF NEBRASKA, APPELLEE, v. RICHARD J. KOSINSKI, APPELLANT.

155 N. W. 2d 335

Filed December 22, 1967. No. 36687.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal by Richard J. Kosinski from his conviction in the district court for Hall County for a second offense of driving an automobile during the suspension of his operator's license. The only assignment of error is the claim of error in the giving of instruction No. 6 by the trial court.

The evidence sustains a finding by the jury that defendant was arrested for driving without an operator's license on a graveled road in Lincoln Park within the corporate limits of the city of Grand Island. No contention is advanced that the evidence is insufficient to sustain a conviction. The correctness of instruction No. 6 is the only issue before the court.

Instruction No. 6 is as follows: "A highway is defined as 'A way open to the public at large without distinction, discrimination, or restriction, except such as is incident to regulations calculated to secure to the general public the largest practical benefit therefrom and enjoyment thereof. Its prime essentials are the right of common enjoyment on the one hand, and the duty of public maintenance on the other.'" The claimed error is that the instruction makes no reference to and is not limited to the operation of a motor vehicle upon the streets, alleys, or highways. It is asserted that the failure of the trial court to include in the instruction any reference to the movement of vehicular traffic on a street or highway makes it fatally defective for noncompliance with section 60-401, R. S. Supp., 1965, which provides in part: "(6) street or highway includes the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right or easement, for purposes of vehicular traffic; * * *."

By instruction No. 5 the trial court informed the jury in part as follows: "(a) That on or about September 3, 1966, the defendant, Richard J. Kosinski, operated a motor vehicle upon the streets, alleys or highways of Hall County, Nebraska; (b) That at said time the defendant, Richard J. Kosinski's driver's license had been suspended or revoked by the State of Nebraska, and he had not obtained a new license." This instruction clearly shows that defendant was charged with operating a motor vehicle upon the streets, alleys, or highways of Hall County, Nebraska. The jury clearly understood the nature of the charge and could not have been misled by the claimed deficiency in instruction No. 6. It is a fundamental rule that in determining the correctness of an instruction, all the instructions must be considered together. The applicable rule is stated in McIntosh v. State, 105 Neb. 328, 180 N. W. 573, 12 A. L. R. 798, wherein it is said: "This court has repeatedly held that the

charge to the jury must be considered as a whole, and when thus considered, if the law is correctly stated and the jury could not have been misled, that error will not lie for some defect in some instruction." As a whole, the instructions make it clear that instruction No. 6 dealt with the use of streets, alleys, or highways by vehicular traffic.

Complaint is further made that instruction No. 6 uses different words than those contained in section 60-401, R. S. Supp., 1965, and amounts to a fatal departure from the language of that statute. The answer to this is that section 60-401, R. S. Supp., 1965, does not purport to be an all-inclusive definition of a street or highway; all it purports to do is to make it clear that a street or highway includes its full width between property lines. The definition of a street, alley, or highway as used in the statute is proper for the definition of the court when its meaning becomes involved in litigation.

The evidence sustains a finding that the thoroughfare in Lincoln Park is entered from Capital Avenue in the city of Grand Island. It is used generally by the public and is owned and maintained by the city. It sustains a further finding that defendant was operating his automobile without an operator's license on the traveled portion of the road although there is conflict in the evidence on this latter point. There is no error in instruction No. 6 when considered with other instructions given. There is no prejudicial error in the record and the judgment of the district court is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.